UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>IMMIGRATION AND<br>NATURALIZATION SERVICE,<br><br>　　　　　Respondent. | No.  2:23-cv-1884 TLN DB P<br><br><br>ORDER |

　　　　Petitioner, who is incarcerated at the South Placer County Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

　　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

　　　　Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. Pro se habeas corpus petitions are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that

1

no tenable claim for relief can be pleaded were such leave to be granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

Petitioner's filing is difficult to decipher. As best this court can tell, petitioner is challenging an October 2020 conviction in case no. 62152196 and a December 2020 conviction in case no. 62176831. He appears to allege ineffective assistance of both trial and appellate counsel. Petitioner also appears to raise issues surrounding an arrest on April 19, 2023 and indicates he wishes to reopen his immigration file to obtain a visa, passport, and citizenship.

Petitioner's filing fails to state a claim for habeas relief for several reasons. First, a petition under 28 U.S.C. §2254 requires that the petitioner be in custody pursuant to the conviction being challenged. 28 U.S.C. §2254(a). The "in custody" requirement is jurisdictional and, therefore, "it is the first question" the court must consider. <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1182 (9th Cir. 1998). Custody means more than the fact of physical incarceration. <u>Bailey v. Hill</u>, 599 F.3d 976, 978 (9th Cir. 2010). A serious restraint on a petitioner's liberty, such as probation or parole status, meets the "in custody" requirement. <u>Maleng v. Cook</u>, 490 U.S. 488, 492 (1989). However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." <u>Id.</u>; <u>Feldman v. Perrill</u>, 902 F.2d 1445, 1448-49 (9th Cir. 1990). Petitioner lists his address as the South Placer County Jail and he names the Immigration and Naturalization Service as the respondent. Petitioner must show his incarceration at the Jail is based on the conviction or convictions he challenges and he must name as respondent the "state officer who has custody" of him. 28 U.S.C. §2254(a).

Second, petitioner must clearly and simply set out his claims by: (1) specifying all grounds of relief available to him; (2) stating the facts supporting each ground for relief; and (3) stating the relief he seeks. Rule 2, Rules Governing §2254 Cases. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks</u>, 908 F.2d at 491.

Third, petitioner's apparent claims involving his arrest in April 2023 and regarding his immigration status are not claims challenging his conviction or sentence imposed in 2020. Therefore, those claims are not appropriately raised in this habeas proceeding.

Petitioner's petition will be dismissed with leave to amend. Petitioner should carefully review this order when preparing an amended petition. And petitioner is reminded that he should state his claims as simply and clearly as he can.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted.

2. The petition (ECF No. 1) is dismissed with leave to amend.

3. Within thirty days of the date of this order, petitioner shall file an amended petition for a writ of habeas corpus.

4. The Clerk of the Court is directed to provide petitioner with a copy of the form for a petition under 28 U.S.C. §2254 along with the copy of this order.

Dated: October 12, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/habeas/S/khad1884.scrn LTA