UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | No. 2:23-cv-1884 TLN DB P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIF., | |
| Respondent. | |

Petitioner, an inmate at the Placer County Jail proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On screening the petition, this court found petitioner failed to state any claims under section 2254. Petitioner was given the opportunity to file an amended petition. He has done so.[1] (ECF No. 9.) Below, this court finds that petitioner appears to be challenging convictions and sentences that he is also challenging in another case in this court. If that is the true, then petitioner should dismiss the present petition as duplicative. If petitioner intends to challenge a different conviction and sentence in the present case, then he will be given the opportunity to file an amended petition.

////

////

---

[1] Petitioner also filed a motion to stay these proceedings pending resolution of state proceedings. (ECF No. 8.) The court will address that motion if petitioner proceeds with this case.

1

**SCREENING**

Rule 4 of the Rules Governing § 2254 Cases requires the court to conduct a preliminary review of each petition for writ of habeas corpus. Pro se habeas corpus petitions are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Initially, this court notes that petitioner has changed the respondent from the Immigration and Naturalization Service identified in his original petition to the People of the State of California. Because petitioner appears to be challenging a state court conviction, this court understands why petitioner identified the state as the respondent. However, as petitioner was informed previously, the respondent must be the "state officer who has custody" of him. 28 U.S.C. §2254(a). If petitioner is in custody at the Placer County Jail, then the Placer County Sheriff is the appropriate respondent.

Like the original petition, the first amended petition is difficult to decipher. Petitioner identifies convictions rendered by the Placer County Superior Court on April 27, 2021 and October 21, 2020 as the basis for his petition. Petitioner appears to argue that his no contest plea was involuntary because he was being involuntarily medicated at the time he entered that plea.

It has come to the court's attention that petitioner filed another habeas petition in this court shortly after he filed the present petition. That case is Khademi v. Placer Co. Sheriff, No. 2:23-cv-2122 KJN P. In his first amended petition in case no. 2:23-cv-2122, petitioner provides the same dates to identify his convictions. However, petitioner also explains that the April 2021 and October 2020 dates are the dates he was sentenced. The convictions occurred on September 15, 2020 and February 16, 2021. It appears that petitioner is challenging the same convictions and sentences in the present case that he challenges in case no. 2:23-cv-2122. In that case, the amended petition was served and, on February 2, 2024, respondent filed a motion to dismiss.

Petitioner may not proceed on two habeas petitions challenging the same convictions and sentences. If the petition in the present case challenges the same convictions and sentences challenged in case no. 2:23-cv-2122, petitioner should dismiss the present case as duplicative.[2] If

---

[2] Because case no. 2:23-cv-2122 KJN P is further along than the present case, dismissing the present case is the most efficient way to proceed.

petitioner intends to challenge a conviction and sentence different from those challenged in case no. 2:23-cv-2122, then he should file a second amended petition making it clear just what conviction and sentence he is challenging.

Accordingly, IT IS HEREBY ORDERED that within 30 days of the date of this order, petitioner shall do <u>one</u> of two things:

1. File a notice that he is dismissing this case because he is challenging the same convictions and sentences that he is challenging in case no. 2:23-cv-2122 KJN P; or

2. File a second amended petition challenging a conviction and sentence that are different from the ones he is challenging in case no. 2:23-cv-2122 KJN P.

DATED: February 16, 2024

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/habeas/S/khad1884.FAP scrn