UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>    Petitioner,<br><br>    v.<br><br>IMMIGRATION AND NATURALIZATION SERVICE,<br><br>    Respondents. | No. 2:23-cv-1884 TLN DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an inmate at the Placer County Jail proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is petitioner's second amended petition for screening and motion for a stay. For the reasons set forth below, this court recommends the motion for a stay be denied and the second amended petition be dismissed without leave to amend.

**BACKGROUND**

On screening the initial petition, this court found petitioner failed to state any claims under section 2254 and gave petitioner the opportunity to file an amended petition. (ECF No. 7.) Petitioner first filed a motion to stay these proceedings, apparently pending resolution of a state court case. (ECF No. 8.) Petitioner then filed an amended petition. (ECF No. 9.) On screening the amended petition, it came to the court's attention that petitioner appeared to be challenging

1

1  the same conviction(s) he was challenging in another petition he filed in this court: <u>Khademi v.</u>
2  <u>Placer Co. Sheriff</u>, No. 2:23-cv-2122 KJN P.  Plaintiff was informed that if he is challenging the
3  same conviction, he should dismiss this case.  If he is challenging a different conviction, then he
4  should file a second amended petition in the present case.  (ECF No. 10.)  On March 4, 2024,
5  petitioner filed a second amended petition.  (ECF No. 11.)

**SCREENING**

Rule 4 of the Rules Governing § 2254 Cases requires the court to conduct a preliminary review of each petition for writ of habeas corpus.  Pro se habeas corpus petitions are to be liberally construed.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

In his first petition, petitioner identified the respondent as the Immigration and Naturalization Service ("INS").  In the first amended petition, in which petitioner appeared to challenge state court convictions, he identified the People of the State of California.  In the second amended petition, petitioner returns to identifying the INS as the respondent.  Petitioner does not challenge a conviction in the second amended petition.  Rather, petitioner states that he is challenging the "validity" of an "I-94 Visa," which he had when he legally entered the United States in 2012.  Petitioner also states that in 2013 he was the victim of an armed robbery during which all of his identification was stolen.  Petitioner is "asking for help for his citizenship and his green card and his passport."

Petitioner's second amended petition is difficult to interpret.  It appears that petitioner may be concerned about his legal status in the United States or his lack of documentation showing he is legally in the United States.  According to the Department of Homeland Security website, an I-94 document is given to non-United States citizens upon their admission to the United States.  It is proof of legal visitor status.[1]

As this court informed petitioner previously, the purpose of a petition for a writ of habeas corpus under section 2254 is to challenge a state conviction that forms the basis for the petitioner's custody.  28 U.S.C. §2254(a).  Petitioner identified state court convictions in his first two petitions.  He did not, and has not, made any allegation that he is being detained at the Jail

---

[1] https://i94.cbp.dhs.gov/I94/#/home

under the authority of the INS. Even if he was, the INS is not a state entity and a habeas corpus petition under section 2254 is not the appropriate vehicle for a challenge to INS actions.

This court will recommend petitioner's second amended petition be dismissed without leave to amend. Petitioner's motion to stay this case appears to have been based on his challenge state court convictions. Because petitioner is no longer challenging those convictions in this case, the motion should be denied as moot.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay (ECF 8) be denied as moot; and
2. The second amended petition be dismissed without leave to amend and this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, petitioner may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  June 13, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB prisoner inbox/habeas/S/khad1884.SAP scrn